JOSÉ CABALLERO MEDINA, demandante y apelado, *v.* FÉLIX, FELIPA y SATURNINO VIERA CURVELO, demandados y apelantes.

No. 4964.—*Sometido:* Febrero 7, 1930. *Resuelto:* Julio 15, 1930.

*M. Benítez Flores*, abogado de los apelantes; *Blondet & Campillo*, abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

■ Versa este pleito sobre nulidad de un expediente de dominio y reivindicación de la mitad indivisa de la finca a que el expediente se refiere, con los frutos producidos por la misma.

Formuladas las alegaciones y practicada la prueba, la corte de distrito declaró la demanda con lugar. Al final de la relación del caso y opinión, aparece el siguiente resumen:

"De un estudio razonado de toda la larga prueba ofrecida en este asunto, llegamos a la conclusión: 1, que el demandante José Caballero Medina es coheredero con los demandados, y que como tal, tiene derecho a la mitad de la finca rústica de 42 cuerdas, radicada en el pueblo de Guaynabo, que se describe en la demanda. 2, que el expediente de dominio tramitado por Félix Viera bajo el No. 5703 de esta Corte de Distrito adolece de los defectos que se dejan anotados, en el curso de la opinión, y por consiguiente . . . es nulo e inexistente . . . Y 3, que los demandados han venido usufructuando los productos de la mitad que corresponde al demandante, y que la corte estima de acuerdo con la prueba practicada, en una cantidad no menor de $2500.00, que como indemnización de daños y perjuicios y por el importe de los frutos y rentas producidos y no percibidos corresponden al demandante y cuya cantidad condena a pagar a los demandados solidariamente condenándoles además al pago de las costas y gastos de este pleito."

No conformes los demandados, apelaron para ante esta Corte Suprema. Su alegato no contiene el señalamiento de errores que requieren las reglas de esta Corte. Presenta diez y nueve cuestiones que llama de derecho y cuatro que califica de hecho. Las de derecho son: 1, declarar sin lugar la moción eliminatoria; 2, las excepciones previas; 3, actuar con prejuicio; 4, declarar sin lugar la primera defensa especial contenida en la contestación; 5, la segunda defensa; 6, la tercera defensa; 7, admitir en evidencia el expediente de dominio; 8, admitir la declaración jurada de Juan del Carmen Torres; 9, la de Juan García Rosado; 10, la de José Caballero; 11, cierta pregunta a Zenón Díaz; 12, el contrainterrogatorio del mismo testigo; 13, denegar cierta

pregunta; 14, admitir el contrainterrogatorio parcial de Félix Viera; 15, el de F. J. Mojica; 16, ciertas preguntas a Z. Díaz; 17, al negar la evidencia ofrecida para interpretar cierto documento; 18, al admitir cierta pregunta a Quintín de León; y 19, al no dar valor a la declaración de Juan García. Las cuatro cuestiones de hecho se refieren todas a errores cometidos al apreciar las pruebas.

No comprendemos cómo puede presentarse un alegato semejante y limitarse la parte que lo archiva a elevar una transcripción de la cual no forman parte las pruebas practicadas ni los procedimientos que tuvieron lugar durante el juicio. No hay base, pues, para tratar de las cuatro cuestiones de hecho, ni, *prima facie,* de trece de las diez y nueve cuestiones de derecho. Toda la larga argumentación que sobre ellas contiene el alegato, es baldía.

La primera cuestión de derecho, o sea la relativa a la moción eliminatoria, se apunta, pero no se discute en el alegato. Eso no obstante, hemos examinado la moción y la resolución de la corte y no creemos que esté envuelto en ellas nada fundamental que pueda llevar consigo la revocación de la sentencia.

La segunda cuestión se argumenta en el alegato así:

"El segundo error se refiere a las excepciones previas presentadas por los demandados-apelantes contra la demanda, por falta de causa de acción.

"Los fundamentos de esa excepción previa sometidos oralmente son entre otros, lo que se reproduce luego como una defensa especial y que constituyen además los errores marcados con los números cuatro y cinco de nuestro alegato, o sea las defensas especiales primera y segunda (trans. pág. 15).

"La primera de estas defensas se refiere a que en el supuesto de que el padre o causahabiente de Narciso Caballero hubiera podido tener sobre la finca en cuestión algún derecho, dejó de ser (dueño) desde hace muchos años, en cuanto a la tierra por haber perdido la posesión, si alguna tuvo sobre ella, desde el año 1827; y en cuanto a la casa enclavada en dicha finca por haberla vendido el referido

Narciso Caballero, padre del demandante-apelado a don Alejandro Viera, padre de los demandados-apelantes, desde el año 1878.''

Y se entra entonces en un largo análisis de la prueba que, como hemos dicho, no figura en la transcripción de los autos. En tal virtud, tampoco hay base para considerar las cuestiones 2, 4 y 5.

■ La sexta se refiere a la indebida acumulación de acciones. Tal cuestión no se presentó como excepción previa, sino como defensa especial en la contestación. Por eso al discutirla se entra en el examen de la prueba, de una prueba que no existe ante nosotros. Limitándonos a la demanda, entendemos que pudo comprenderse en ella la petición de nulidad del expediente de dominio tramitado a su solo nombre por uno de los demandados, la reivindicación de la mitad de la finca a que se refería el expediente y que correspondía por herencia al demandante y el pago de los frutos percibidos indebidamente.

Resta sólo considerar la tercera de las cuestiones clasificadas como de derecho, a saber, la que sostiene que ''la sentencia de la corte en este caso está viciada de nulidad por haber demostrado el juez de la misma, desde el principio del juicio, con sus actuaciones durante la tramitación del mismo, y luego, con su opinión y su sentencia pasión, prejuicio y parcialidad.''

Las actuaciones del juez durante el juicio no nos son conocidas. Sus resoluciones de la moción eliminatoria y la excepción previa se limitan a declarar sin lugar la moción y la excepción; su resolución del caso y opinión ocupa seis páginas, contiene un estudio de las cuestiones envueltas en el pleito y de la prueba practicada y termina en la forma que conocemos. La sentencia es congruente con lo alegado y con lo que se estima probado en la opinión. Nada revela la pasión, prejuicio y parcialidad que se alega.

*Debe confirmarse la sentencia recurrida.*